E-FILED
Monday, 23 April, 2018  11:19:07 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| LAWRENCE CHRISTOPHER REDDING, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) | Case No. 17-1131 |

# ORDER AND OPINION

Now before the Court is Petitioner Redding's Petition (Doc. 1) for Writ of habeas corpus under 28 U.S.C. § 2241. For the reasons set forth below, Redding's Petition (Doc. 1) is DENIED.

### BACKGROUND

Lawrence Redding was charged in a four-count indictment in the District of Minnesota on July 8, 1992. Each count of the indictment alleged that Redding, a felon, possessed a firearm or ammunition in violation of 18 U.S.C. §§ 922(g) and 924(e)(1). See *Presentence Report*, Doc. 9, at 3. On November 12, 1992, a jury convicted Redding of three of the four counts alleged in the indictment. At sentencing, the court determined that Redding's prior felony convictions qualified him for an enhanced sentence under Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1), and imposed a term of imprisonment of 327 months. Redding's ACCA enhanced sentence was based on six prior felony convictions. Three of those convictions were 1987 Minnesota state court convictions for aggravated robbery; the other three were Illinois state court convictions for robberies between 1975 and 1979. *United States v. Redding*, 16 F.3d 298, 302 (8th Cir. 1994). Redding appealed his conviction and sentence, and the Eighth Circuit affirmed. *United States v. Redding*, No. CR 4-92-116 (D. Minn. 1993), *aff'd*, 16 F.3d 298 (8th Cir. 1994).

1

Redding also filed a motion under 28 U.S.C. § 2255 collaterally attacking his sentence, but it was denied by the district court, and the district court's judgment was subsequently affirmed on appeal to the Eighth Circuit. *Redding v. United States*, 105 F.3d 1254, 1255 (8th Cir. 1997).

After nearly 25 years of incarceration, Redding was released from custody on March 18, 2016. However, five years of supervised release proved to be four and a half years too long for Redding. After violating the terms of his supervised release, he was sentenced on January 18, 2017 to an additional 5 months of imprisonment and four years of supervised release. Doc. 23, at 2. He fared no better the second time around—his supervised release was again revoked on August 30, 2017, and he was subsequently sentenced to a term of 14 months of imprisonment with no term of supervised release. *Id.*

While Redding was serving his sentence for his first violation of supervised release, he filed the instant Petition under 28 U.S.C. § 2241. Therein, Redding argues that he was improperly sentenced as an armed career criminal because neither his Illinois nor his Minnesota convictions should have counted as violent felonies. Doc. 1, at 5–7. The Government filed a Response (Doc. 23), to which Redding filed a Reply (Doc. 28). This Order follows.

## LEGAL STANDARD

Generally, federal prisoners who seek to collaterally attack their conviction or sentence must proceed by way of motion under 28 U.S.C. § 2255, the so-called "federal prisoner's substitute for habeas corpus." *Camacho v. English*, 16-3509, 2017 WL 4330368, at *1 (7th Cir. Aug. 22, 2017) (quoting *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012)). The exception to this rule is found in § 2255 itself: a federal prisoner may petition under § 2241 if the remedy under § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). Under the "escape hatch" of § 2255(e), "[a] federal prisoner should be permitted to seek habeas

corpus only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998). Thus, the Seventh Circuit has held that "alternative relief under § 2241 is available only in limited circumstances: specifically, only upon showing that (1) the claim relies on a new statutory interpretation case; (2) the petitioner could not have invoked the decision in his first § 2255 motion *and* the decision applies retroactively; and (3) there has been a fundamental defect in the proceedings that is fairly characterized as a miscarriage of justice." *Montana v. Cross*, 829 F.3d 775, 779 (7th Cir. 2016), *cert. denied sub nom. Montana v. Werlich*, 137 S. Ct. 1813 (2017).

## DISCUSSION

Redding argues in his Petition that (1) his Illinois robbery convictions were not violent felonies because he never possessed a weapon or made any threats to any person; and (2) his Minnesota convictions should not have been considered because he was not advised of his constitutional rights in the state court proceedings, citing *Boykin v. Alabama*, 395 U.S. 238 (1969). Doc. 1, at 6–7. Redding also cites the Supreme Court's decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016), though he does not explain how it applies to his case.

"[A] petitioner who seeks to invoke the savings clause of § 2255(e) in order to proceed under § 2241 must establish: (1) that he relies on 'not a constitutional case, but a statutory-interpretation case, so [that he] could not have invoked it by means of a second or successive section 2255 motion ….' " *Montana v. Cross*, 829 F.3d 775, 783 (7th Cir. 2016) (quoting *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998)). As the Government rightly points out, Redding does not meet the first requirement for proceeding under § 2241 because he does not rely on a new statutory interpretation case. Doc. 23, at 6. With respect to his Minnesota aggravated

3

robbery convictions, Redding argues only that he was not advised of his constitutional rights under *Boykin v. Alabama*, 395 U.S. 238 (1969). But *Boykin* was a constitutional case decided 20 years before Redding's federal criminal case, not a statutory interpretation case decided after his conviction became final or his first § 2255 motion was decided. Thus, Redding fails to meet even the initial threshold for proceeding under § 2241.

Even if Redding were able to show that his three Minnesota aggravated robbery convictions did not qualify as predicate violent felonies under 18 U.S.C. § 924(e)(2)(B), his remaining three Illinois robbery convictions also qualify as predicate offenses unaffected by *Mathis*. Section 924(e)(2)(B) defines "violent felony" as any felony that "has as an element the use, attempted use or threatened use of physical force against the person of another." Unsurprisingly, the Illinois robbery statute Redding was convicted under provided that "[a] person commits robbery when he takes property from the person or presence of another by the use of force or by threating the imminent use of force." Ill. Rev. Stat. ch. 38, § 18-1(a) (1975). The Illinois statute thus "ha[d] as an element the use, attempted use or threatened use of physical force against the person of another." § 924(e)(2)(B). See Doc. 23, at 11.

Because Redding cannot show that § 2255 is inadequate or ineffective to test the legality of his detention, he may not collaterally attack his conviction or sentence under § 2241.

## CONCLUSION

For the reasons set forth above, Redding's Petition (Doc. 1) for Writ of habeas corpus under 28 U.S.C. § 2241 is DENIED.

This matter is now terminated.

Signed on this 23rd day of April, 2018.

s/ James E. Shadid  
James E. Shadid  
Chief United States District Judge